### RESZUTEK v. UNITED STATES.
### No. 215.

Circuit Court of Appeals, Second Circuit.

Jan. 31, 1945.

---

Morris E. Packer, of Brooklyn, N. Y., for appellant.

Vine H. Smith, Asst. U. S. Atty. of Brooklyn, N. Y. (T. Vincent Quinn, U. S. Atty., of Brooklyn, N. Y., on the brief), for appellee.

Before HUTCHESON, SIMONS, and CLARK, Circuit Judges.

PER CURIAM.

■ While the extent of an agent's legal authority to consent to a search and seizure may often be a matter of grave dispute, we think a showing of consent by those admittedly "in charge" of a six-family house as "superintendents" to a search of the cellar was sufficient to justify the District Court in entering an order denying the owner's motion to suppress evidence so obtained "without prejudice to a renewal thereof before the Trial Court." See Raine v. United States, 9 Cir., 299 F. 407, 411, certiorari denied 266 U.S. 611, 45 S.Ct. 94, 69 L.Ed. 467; United States v. Antonelli Fireworks Co., D.C.W.D.N.Y., 53 F.Supp. 870, 874; United States v. Ruffner, D.C.Md., 51 F.2d 579; United States v. Sergio, D.C. E.D.N.Y., 21 F.Supp. 553; United States v. Thomson, 7 Cir., 113 F.2d 643, 644, 129 A. L.R. 1291; State v. Griswold, 67 Conn. 290, 34 A. 1046, 33 L.R.A. 227. Moreover, the papers show an issue, raised by the superintendent at the time of search, and later in an affidavit presented by petitioner, that the particular spot where alcohol was found was in the possession not of the owner, but of a tenant. United States v. Ebeling, 2 Cir., 146 F.2d 254, and cases cited; Matthews v. Correa, 2 Cir., 135 F.2d 534, 537; Schnitzer v. United States, 8 Cir., 77 F.2d 233, 235. Petitioner appears to have been content to rely upon affidavits; if, however, he has additional facts to offer, the opportunity given him to renew his motion at trial, should one be had, affords him ample protection. Matthews v. Correa, supra.

Order affirmed.