**CUTTING v. UNITED STATES.**
**No. 11513.**

United States Court of Appeals
Ninth Circuit.
Sept. 17, 1948.

952

Warren A. Taylor, of Fairbanks, Alaska, for appellant.

Harry O. Arend, U. S. Atty., and Everett W. Hepp, Asst. U. S. Atty., both of Fairbanks, Alaska, for appellee.

Before DENMAN, Chief Judge and STEPHENS and HEALY, Circuit Judges.

HEALY, Circuit Judge.

Appellant was indicted and convicted of the larceny of an electric range, the property of the United States. On the appeal he contends (1) that the evidence was insufficient to support the jury's verdict, (2) that the admission of a certain exhibit offered by the government was reversible error, and (3) that appellant's constitutional right of privacy was invaded by government officers in the search of a building and the seizure therein of the stolen property.

As respects the evidence, the principal argument is that it was insufficient to establish ownership of the range in the United States at the time of the taking. The argument is wholly without merit. An inspection of the record discloses that the evidence on the point of ownership was full and complete, as was also the showing of appellant's guilt of the offense charged.

The exhibit said to have been improperly admitted was an unsigned memorandum receipt issued to one Captain Coleman, an Army officer, to whom the range

in question had been issued at an earlier time. Coleman had obtained the receipt on the occasion of his turning back the property to the Post Engineer at Ladd Field. The receipt was used by the witness merely as a record of a past recollection and was properly admitted in evidence in connection with his testimony concerning a matter within his own knowledge.

The stolen range was admitted in evidence over objection that it had been unlawfully searched for and seized by officers of the Federal Bureau of Investigation. No search warrant had been obtained. The facts were that the range had been stored in a small building located immediately to the rear of the house of one Fowler in Anchorage. Appellant himself lived at another place in that city. The FBI agents were given permission by Fowler and his wife to search this building and to take the property away. Fowler himself testified to that effect. There is nothing of substance in the point that the search or seizure was unlawful.

Other errors are assigned but they are not argued and they appear to be of no merit.

Affirmed.