Charles D. FREDRICKSEN, Appellant

v.

UNITED STATES of America,
Appellee.

No. 14851.

United States Court of Appeals
District of Columbia Circuit.

Argued March 16, 1959.

Decided April 23, 1959.

Mr. Keith L. Seegmiller, Washington, D. C. (appointed by this court) for appellant.

Mr. Nathan J. Paulson, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee. Mr. Walter J. Bonner, Asst. U. S. Atty., also entered an appearance for appellee.

Before WASHINGTON, BASTIAN and BURGER, Circuit Judges.

BURGER, Circuit Judge.

Appellant was arrested by agents of the Federal Bureau of Investigation at approximately 5:00 p. m. on March 18, 1957, in Silver Spring, Maryland. Although the agents did not actually possess an arrest warrant, they had knowledge that a warrant had been issued for appellant's arrest on January 14, 1957, on a robbery charge and was still outstanding. Appellant was turned over to the custody of a District of Columbia police officer at the Silver Spring police station at about 9:15 p. m. He waived extradition and was taken to police headquarters in Washington, arriving at about 11:00 p. m.

He was booked and questioned concerning the robbery specified in his arrest warrant and concerning another robbery. He denied involvement in any crime and declared that he would not talk until he saw his lawyer. This questioning took place between 11:30 p. m. and midnight.

At about 4:30 a. m. on March 19 appellant was brought into a lineup for identification. He looked at the other four men in the lineup and registered disgust, because, or so he later testified, he thought they were so much unlike him in appear-

ance and size, that it rendered the lineup unfair. The police officer accompanying appellant told him that the lineup was made up of the only persons then available, i. e., "the best we could do," whereupon—according to the officer's testimony—appellant said, "It makes no difference. They will know me anyway." Appellant was identified at the lineup by three people who said he was involved in two separate armed robberies. The next morning at about 10:00 he was taken before a United States Commissioner and arraigned.

Appellant was tried and convicted on five counts of robbery involving two separate occurrences. He appeals from that conviction, citing as error the admission of police testimony concerning the statement he made when confronted by the lineup. Additionally he contends that the District Court erred in admitting into evidence a gun found in a room where he was staying.

■ We believe that appellant's statement was properly admitted. It was a spontaneous and voluntary exclamation. It was in no sense sought or "elicited"; it was not an answer to police interrogation or in any way related to the lapse of time. Statements so volunteered without questioning before arraignment are admissible in evidence. Mallory v. United States, 1957, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479, does not hold otherwise. While it would probably be better practice to defer a lineup to a more convenient hour than 4:30 a. m. so that more subjects would be available, the lineup in this case is not a basis for reversal. The only consequence adverse to appellant—other than the identifications made—is that the allegedly unfair composition of that lineup evoked an incriminating, but nonetheless spontaneous, admission from him.

■ The admission of the pistol found in the sofa where appellant slept was not error. The gun was found under the cushion of a sofa in the living room of one James R. McCutchan in whose home appellant was staying at the time. McCutchan gave written permission for a search of his living room by police. See Woodard v. United States, 1958, 102 U.S.App.D.C. 393, 254 F.2d 312

Affirmed.