UNITED STATES of America ex rel. William McKENNA

v.

DAVID N. MYERS, Superintendent, State Correctional Institution at Graterford, Pennsylvania.

Misc. No. 2693.

United States District Court
E. D. Pennsylvania.
June 4, 1964.

William McKenna, in pro. per.

James C. Crumlish, Jr., Dist. Atty., of Philadelphia County, Philadelphia, Pa., for defendant.

FREEDMAN, District Judge.

This petition for habeas corpus attacks a conviction in the Court of Quarter Sessions of Philadelphia County on charges of burglary, larceny, receiving stolen goods and conspiracy. Relator claims that his conviction was based on evidence obtained by an unreasonable search and seizure, in contravention of the constitutional rule of Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).

The search and seizure admittedly was neither authorized by a search warrant, nor was it incidental to an arrest. The prosecution claimed that it was justified, however, because the relator's mother gave her consent to the agents [1] to enter and search the house, which she owned and in which relator lived with her.[2] Relator contends that his mother's consent, even if given, could not bind him. He also indirectly raises the factual question whether the consent of relator's mother was coerced.

The circumstances relating to the search, and the question of consent thereto, were twice presented to state court judges. A pre-trial hearing on a petition to suppress the evidence seized by the authorities was held by Judge Waters, who heard conflicting testimony, including that of the mother, on the issue of consent. He briefly stated his conclusion: "I have to dismiss the petition. I don't think it was an unreason-

able search." At the subsequent trial before Judge Van Roden without a jury relator's renewed motion to suppress, made at the close of the Commonwealth's case, was denied.

I would be prepared to consider the factual and legal questions dealing with the mother's alleged consent but for relator's further contention that his absence from the pre-trial hearing before Judge Waters was a violation of his constitutional rights. It is not clear whether he means to allege that he was excluded from the hearing or merely that it was held in his absence. Moreover, I do not have before me facts from which it might be determined whether there was any waiver by relator or his counsel. At any rate, his counsel was present and actively represented him in the examination of witnesses at the pre-trial hearing. Relator himself was not present at the time of the search and seizure and thus had no direct personal evidence to give on the subject. He was present, moreover, with his counsel at the subsequent trial when the motion to suppress the evidence was renewed. Nevertheless, it is conceivable that if he had been present at the pre-trial hearing he might have been of some aid to his counsel, although there is nothing alleged in this regard.

I believe it undesirable for me to consider the question of the relator's absence from the pre-trial hearing before it is presented to the state courts for their decision, especially since state constitutional principles may be involved as well as federal constitutional rights. And, of course, it would be particularly inappropriate for me now, while there remains unresolved the threshold question whether relator's absence from the hearing deprived him of a constitutional right, to review the evidence given at

1. The search and seizure was made by federal agents who called in the local police after discovering that no federal crime was involved.

2. The stolen goods which were seized were openly visible in large cartons in the dining room of the house. The agents testified that relator's mother originally consented to their entry and search by orally inviting them in, while they were on the doorstep. After they saw the stolen goods relator's mother signed a standard "consent to search" form, to enable the agents to search the remainder of the house, but nothing else was found.

the hearing and determine whether the state court's findings are reliable and relator had a full and fair hearing under the doctrine of Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). I have read the transcripts of the evidence at the pre-trial hearing and at the trial and believe that the evidence thoroughly supports the state court's conclusion. But I believe that record should not be finally judged until the allegation of constitutional infirmity is decided.

Accordingly I shall remit the relator to the state court to exhaust his remedy there.

### ORDER

And now, June 4, 1964, the petition for writ of habeas corpus is denied without prejudice.