UNITED STATES of America ex rel. William McKENNA

v.

David N. MYERS, Superintendent, State Correctional Institution at Graterford, Pennsylvania.

Misc. No. 2693.

United States District Court
E. D. Pennsylvania.

July 22, 1964.

William McKenna, in pro. per.

James C. Crumlish, Jr., Dist. Atty. of Philadelphia County, Philadelphia, Pa., for defendant.

**FREEDMAN, Circuit Judge.**[*]

Relator has attacked by a petition for habeas corpus his conviction in the Court of Quarter Sessions of Philadelphia County on charges of burglary, larceny, receiving stolen goods and conspiracy. He claims that his conviction was based on evidence obtained by an unreasonable search and seizure, in contravention of the constitutional rule of Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).

The state court both in a pre-trial hearing and on a subsequent motion to suppress during trial had ruled that the stolen goods seized by the authorities were properly admissible in evidence. On June 4, 1964, in United States ex rel. McKenna v. Myers, 230 F.Supp. 278, I denied the petition for habeas corpus, without prejudice. As I there stated, I considered it undesirable to rule on the sufficiency of the evidence to support the state court's factual conclusion because there had now intruded a question regarding the relator's absence from the pre-trial hearing, a question which had never been presented to the state courts and which might involve state as well as federal constitutional rights. I stated that my view was that the record should not be finally judged until this constitutional question was decided, even though I had reviewed the evidence at the pre-trial hearing and at the trial and believed that it thoroughly supported the state court's conclusion on the search and seizure issue. I therefore remitted the relator to the state courts to exhaust his remedies there.

The relator has now filed a motion for rehearing in which he disclaims his intention to raise any constitutional question regarding his absence from the pre-trial hearing and urges that a decision be rendered by this Court on the validity of the search and seizure.

The search and seizure admittedly was neither authorized by a search warrant nor was it incidental to an arrest. The prosecution claimed that it was justified because the relator's mother gave her consent to the agents [1] to enter and search the house which she owned and in which relator lived with her.[2] Relator contends that his mother's consent, even if given, could not bind him. He also indirectly raises the factual question whether his mother's consent was coerced.

■ 1. The legal question may be disposed of summarily. In the circumstances here presented the voluntary consent of relator's mother, if it was given, would be binding on the relator and would preclude the claim of violation of his constitutional rights.[3] The cases relied on by relator are distinguishable and do not support a contrary rule.[4]

[*] Acting by designation.

1. The search and seizure was made by federal agents, who called in the local police after discovering that no federal crime was involved.

2. The stolen goods which were seized were openly visible in large cartons in the dining room of the house. The agents testified that relator's mother originally consented to their entry and search by orally inviting them in, while they were on the doorstep. After they saw the stolen goods relator's mother signed a standard consent to search form, to enable the agents to search the remainder of the house, but nothing else was found.

3. See, e. g., United States v. Eldridge, 302 F.2d 463 (4th Cir. 1962); Fredricksen v. United States, 105 U.S.App.D.C. 262, 266 F.2d 463 (1959); Woodard v. United States, 102 U.S.App.D.C. 393, 254 F.2d 312 (1958), cert. den. 357 U.S. 930, 78 S.Ct. 1375, 2 L.Ed.2d 1372; United States v. Sferas, 210 F.2d 69 (7th Cir. 1954), cert. den. sub nom. Skally v. United States, 347 U.S. 935, 74 S.Ct. 630, 98 L.Ed. 1086; Stein v. United States, 166 F.2d 851 (9th Cir. 1948), cert. den. 334 U.S. 844, 68 S.Ct. 1512, 92 L.Ed. 1768.

4. In Cofer v. United States, 37 F.2d 677 (5th Cir. 1930), the finding that there was no voluntary consent reduces to dictum the statement that the wife could not bind her husband by her consent. Moreover, the sole authority given for that statement is Amos v. United States, 255 U.S. 313, 41 S.Ct. 266, 65 L.Ed. 654 (1921), also relied on by relator; but in that case the Court expressly stated that the existence of implied coercion by the Government officer made it unnecessary to

2. The factual question whether the consent of the relator's mother was coerced was not expressly raised by the relator. It is, however, indirectly involved in some of the cases and quotations set out in his petition, which speak of entry accomplished by force, show of force, or illegal threat. Since the petition was prepared without the aid of counsel I shall read it as intending to raise the factual question.

▉▉ The disputed issue of consent was twice presented in the state court, first at a pre-trial hearing on a petition to suppress the evidence seized by the authorities and again at the subsequent trial on a renewed motion to suppress, made at the close of the Commonwealth's case. If the relator received a full and fair evidentiary hearing in the state court proceedings and the findings there made are reliable, there is no reason, under Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), for me to hold an evidentiary hearing and redetermine the issue.[5]

▉▉ I have no doubt that the relator was afforded a full and fair hearing in the state court on the issue of consent. Its fact finding processes were not rendered inadequate because he was not present at the pre-trial hearing. He was represented there by counsel who actively examined witnesses on his behalf. He himself had not been present at the time his mother is alleged to have consented to the search, and he therefore had no evidence of his own to give on the crucial question of the voluntariness of her consent. He has not pointed to any prejudice, real or fancied, which resulted from his absence, and there is nothing to indicate that he was deprived of access to his counsel in the preparation or conduct of his case. Indeed, it is not even clear that his absence was really involuntary. He was present, moreover, at the subsequent trial, when the motion to suppress was renewed. The possibility of prejudice from his absence at the pre-trial hearing was a matter which I raised (see 230 F. Supp. at p. 278), and relator has now made it clear that it is beyond the scope of his complaint and that he does not wish it considered. In these circumstances I hold that he had a full and fair hearing on the issue of search and seizure.

Although the state court judges made no express findings on the question of the existence and voluntariness of consent by relator's mother the necessary implication of their rulings is that she had voluntarily consented to the search and seizure. I have examined the notes of testimony of both the hearing and the trial and am convinced that these implied findings are reliable. I therefore accept them and see no reason to hold another hearing on the same issue of fact.

In view of the circumstances which I have detailed which indicate that petitioner has no present reason for resorting to the state courts and since I have now disposed of the questions that have been presented, I shall deny his motion for rehearing and shall dismiss finally the petition for habeas corpus which I had earlier dismissed without prejudice.

Petitioner has requested the appointment of counsel to represent him on rehearing. Since I have refused a rehearing, this request is denied.

---

consider whether a wife could waive her husband's constitutional rights.

5. "Where the facts are in dispute, the federal court in habeas corpus must hold an evidentiary hearing if the habeas applicant did not receive a full and fair evidentiary hearing in a state court, either at the time of the trial or in a collateral proceeding." (Townsend v. Sain, at p. 312, 83 S.Ct. at p. 757).

"If [the federal district judge] * * * concludes that the habeas applicant was afforded a full and fair hearing by the state court resulting in reliable findings, he may, and ordinarily should, accept the facts as found in the hearing." (Townsend v. Sain, at p. 318, 83 S.Ct. at p. 760).