Roland F. VENEY, Jr., Appellant,

v.

UNITED STATES of America,
Appellee.

Howard R. BAYLOR, Appellant,

v.

UNITED STATES of America,
Appellee.

Nos. 18714, 18715.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 16, 1964.

Decided Feb. 4, 1965.

Petition for Rehearing En Banc in
No. 18714 Denied May 6, 1965.

Petition for Rehearing En Banc in
No. 18715 Denied March 11, 1965.

Mr. Carleton U. Edwards, II (appointed by this court), Washington, D. C., for appellant in No. 18714.

Mr. Walter W. Woodside (appointed by this court), Woodside, Va., for appellant in No. 18715.

Mr. Frank Q. Nebeker, Asst. U. S. Atty., with whom Mr. David C. Acheson, U. S. Atty., was on the brief, for appellee.

Before PRETTYMAN, Senior Circuit Judge, and WRIGHT and McGOWAN, Circuit Judges.

JUDGMENT

PER CURIAM.

These cases came on to be heard on the record on appeals from the United States District Court for the District of Columbia, and were argued by counsel.

ON CONSIDERATION WHEREOF, it is ordered and adjudged by this court that the judgments of the District Court appealed from in these cases are affirmed.

WRIGHT, Circuit Judge (concurring in the result):

I concur in the result because four eye witnesses identified the appellants as participants in the robbery. Rule 52(a), FED.R.CRIM.P. I should like, however, to add a comment.

For some time now I have been curious and concerned about evidence offered by the Government, appearing again and again in criminal case records, showing that the defendant, at the lineup or other confrontation with the complaining witness, had, while in the presence and custody of the police, "spontaneously and voluntarily" apologized for his misdeed. The word "apologize" would not ordinarily be expected to be in the vocabularies of most of the poorly educated defendants. And even if it were, it seemed more than passing strange, to me at least, that this phenomenon of contrition should assert itself so soon after the offensive act.

I began a search to solve this mystery. My efforts were first rewarded by my discovery of the case styled Fredricksen v. United States, 105 U.S.App.D.C. 262, 266 F.2d 463 (1959), in which a statement made by the accused at the lineup was ruled admissible over a *Mallory* [1] objection. This court held that a violation of Rule 5(a), FED.R.CRIM.P., did not preclude the admission of the statement because it was made "spontaneously" and not as a result of interrogation, suggestion or instigation of the police.

Since our ruling in *Fredricksen,* and particularly in the more recent past,

1. Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957).

"spontaneous" apologies by defendants have been offered by the Government and received in evidence in criminal cases [2] with unusual frequency—usually supported by testimony that the apologies were not suggested or inspired by the police.[3] Thus my discovery of *Fredricksen* and the raft of apology cases which followed it deepened, rather than solved, the apology mystery.

But like all good mystery stories, this one apparently was just becoming most inscrutable immediately before solution. For the solution may have been provided by the present case. The record here shows that all the defendants,[4] on confrontation immediately after their arrest, "apologized" to the victims of the robbery. At least six times the jury was told in detail about these apologies. And the police all testified that the apologies were neither suggested nor inspired by them.

But one of the victims of the robbery testified as follows:

"BY MR. FRENCH:

"Q  All right. Now, did the police officers do anything to encourage these defendants to go up to you and apologize?

"A  They asked—the policeman asked them, 'Do you want to say anything to the people?' And they kept quiet. They said, 'Don't you want to say anything?' So, he says, 'Well, I apologize.'

"THE COURT: Who said that?

"THE WITNESS: All three of them said the same thing."

This testimony is particularly interesting since each of the defendants was brought before the victims of the robbery separately. Yet each of them remembered to apologize.

In view of the above, it appears to me that the time is ripe for some soul searching in the prosecutor's office before it offers any more "spontaneous" apologies in evidence.

---

2. Apologies under circumstances similar to those in this case were involved in several recent cases in this court. See Ford and Kimble v. United States, Nos. 17,-835-6 (appeal pending); Copeland v. United States, 120 U.S.App.D.C. ——, 343 F.2d 287 (Nos. 18496-7, decided December 31, 1964); Ricks v. United States, 118 U.S.App.D.C. 216, 334 F.2d 964 (1964). In addition, apologies appear in the transcripts of the trials in the following appeals pending in this court: O'Hanlon v. United States, No. 18,325;

Engram v. United States, Misc. No. 2340. See also United States v. Walker, D.D.C., Criminal No. 1078-63 (verdict of acquittal returned March 21, 1964); Fuller v. District of Columbia, D.C.C.A., No. 3542, decided November 20, 1964.

3. The defendants, of course, have not always agreed that their apologies, if made at all, were spontaneous and self-inspired.

4. There were three. Only two are appellants here.