UNITED STATES of America,
Plaintiff,

v.

John Sherin LANGFORD, Defendant.

No. 4–69 CR. 54.

United States District Court
D. Minnesota,
Fourth Division.

Sept. 22, 1969.

Robert G. Renner, U. S. Atty., by Neal J. Shapiro, Asst. U. S. Atty., for plaintiff.

Rodney J. Olson, Minneapolis, Minn., for defendant.

NEVILLE, District Judge.

Defendant is charged in a criminal indictment with having mailed obscene matter through the mail in violation of 18 U.S.C. § 1461. This pretrial motion is brought to suppress certain evidence claimed to have been illegally seized. A postal inspector duly obtained a search warrant from the United States Commissioner, permitting a search of that part of a residential building described as "the third floor * * * except the small room * * *" etc. It is undisputed that in performing the search, the searching party consisting of five men in all exceeded this description and searched a portion of the second floor, the basement, the excluded third floor room and certain closets and other rooms of the residential premises. The assertion is made that defendant's mother, 77 years of age, who occupied the second floor of the building and who sometimes slept in the excluded room on the third floor, and whose son, the defendant herein, lived with her and sometimes slept on the second floor, consented to the extended search. For the purposes of deciding this motion, the court need not determine whether such alleged consent was effective and was knowingly and voluntarily given. The government has

offered to suppress and to return to the defendant all evidence apparently consisting of but three unopened letters addressed to defendant, seized outside of the area permitted and specified in the search warrant.[1]

Defendant's counsel is not satisfied with the government's proffer, and contends that because the officers exceeded the limits of the search warrant, the entire search is void and all evidence seized must be suppressed and returned, even that properly taken from the described portion of the third floor of the premises. Defendant claims that public policy demands such a result as a discipline to those who secure a search warrant to insure obedience thereto.

There is no doubt that the search warrant is valid. The attached affidavits indicate beyond doubt that probable cause was present and that all procedural requisites of Rule 41, Fed.R.Crim.Proc., were fully complied with. See McCreary v. Sigler, 406 F.2d 1264 (8th Cir. 1969). Defendant has not seriously raised objection to the validity of the warrant.

Defendant has cited no authority in support of his contention and this court knows of none. On the contrary, in United States v. Castle, 213 F.Supp. 52, 56, 213 F.Supp. 56, 60 (D.D.C.1962), aff'd. 347 F.2d 492 (D.C. Cir. 1964), cert. denied, 381 U.S. 953, 85 S.Ct. 1811, 14 L.Ed.2d 726 (1965), the court stated:

" * * * The Court knows of no case which has held that the seizure of *some* items in excess of those specified must result in the suppression of *all* items seized, whether permitted or not. Indeed, the language of Rule 41 (e) is directly to the contrary. It provides that if *'the property* seized is not that described in the warrant,' then *'the property* shall be restored unless otherwise subject to lawful detention and *it* shall not be admissible in evidence at any hearing or trial.' Rule 41(e), Fed.R.Crim.Pro. (Emphasis added) Such language requires an item-by-item consideration, and an illegal seizure of one item does not reflect upon the legal seizure of another." 213 F.Supp. at 60–61.

All property, with the exception of the three letters previously referred to, listed on the inventory of the seized property was discovered and seized within the confines of the third floor area described in express terms in the valid search warrant. The illegal portion of the search yielded no evidence or leads that will be used against the defendant

1. The protections of the Fourth Amendment, like other constitutional rights, may be waived, and a person may waive his right to be free from search if he consents thereto. Wright, 3 Fed.Prac. and Pro., Crim., § 669 (1969) (cases cited). The related question is whether a third person has the power to consent to a search which produces incriminating evidence against someone else.

The law concerning third party consent is somewhat unsettled. The test followed by the lower courts seems generally to be that one who has possession and control of the articles seized or the premises on which they were found may, and has the power to, consent to the search and seizure. Rees v. Peyton, 341 F.2d 859 (4th Cir. 1965); Fredricksen v. United States, 105 U.S.App.D.C. 262, 266 F.2d 463 (D.C.Cir.1959); United States v. Sferas, 210 F.2d 69, 74 (7th Cir.), cert. denied *sub nom.*, Skally v. United States, 347 U.S. 935, 74 S.Ct. 630, 98 L.Ed. 1086 (1954); United States ex rel. McKenna v. Myers, 232 F.Supp. 65 (E.D.Pa. 1964), aff'd, 342 F.2d 998 (3d Cir.), cert. denied, 382 U.S. 857, 86 S.Ct. 111, 15 L. Ed.2d 95 (1965). The United States Supreme Court, though recently addressing itself to this matter, has not yet laid down any clear test. See Chapman v. United States, 365 U.S. 610, 81 S.Ct. 776, 5 L. Ed.2d 828 (1961) (landlord); Stoner v. California, 376 U.S. 483, 84 S.Ct. 889, 11 L.Ed.2d 856 (1964) (hotel clerk). But see United States v. Botsch, 364 F. 2d 542 (2d Cir. 1966), cert. denied, 386 U.S. 937, 87 S.Ct. 959, 17 L.Ed.2d 810 (1967). In another recent case, the Court, without having to pass on the question, seemed to accept the view that a mother's consent to a search when she was the owner of both the premises and the thing seized would be binding on her son who lived in the house and against whom the evidence was used. Bumper v. State of North Carolina, 391 U.S. 543, 88 S.Ct. 1788, n. 11, 20 L.Ed.2d 797 (1968).

and the property legally seized can in no way be considered the fruit of the illegal portion of the search. See United States v. Beigel, 254 F.Supp. 923, 931 (S.D.N.Y.1966), aff'd, 370 F.2d 751 (2d Cir.), cert. denied, 387 U.S. 930, 87 S.Ct. 2049, 18 L.Ed.2d 989 (1967).

The court, although not condoning a practice permitting abuse of a search warrant by exceeding its perimeters, is not impressed that a motion to suppress should be granted solely as a chastisement or a disciplinary measure directed to the searching officers when, as here, they appear to have acted in good faith and to have believed that they had consent from someone in authority to permit them to widen the area of the search.

A separate order has been entered in accordance with the views expressed herein.

