116 N.J. Super. 120 (1971)
281 A.2d 209
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOSEPH RULLI, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 8, 1971.
Decided May 6, 1971.
*121 Before Judges SULLIVAN, COLLESTER and LABRECQUE.
Mr. Richard M. Glassner argued the cause for appellant.
Mr. Edward N. Fitzpatrick, Assistant Prosecutor, argued the cause for respondent (Mr. Robert Dilts, County Prosecutor, attorney).
*122 The opinion of the court was delivered by COLLESTER, J.A.D.
Defendant, who had previously been convicted of the unlawful sale of narcotics, was found guilty by a jury on an indictment charging him with the illegal possession of a firearm in violation of N.J.S.A. 2A:151-8. The indictment resulted when police found a loaded revolver in defendant's apartment during a search conducted pursuant to a search warrant.
The principal contention of defendant on this appeal is that his pretrial motion to suppress evidence obtained by the police should have been granted.
The affidavit submitted to the warrant issuing judge was executed by Bruno Czerniak, an investigator of the county prosecutor's office, who expressed a belief that defendant was engaged in bookmaking and was unlawfully carrying a gun. His belief was based on information furnished separately by two unidentified informants. He stated that his first informant, "who in the past has furnished me with reliable information relating to the commission of crimes and unlawful activities," told him that defendant was engaged in bookmaking operations, that he had personally observed defendant engage in such transactions, and that he had seen a book in which defendant made records of his operations on defendant's person, in his automobile, and in his apartment. The informant also said that in order to protect himself from interference in carrying on his gambling activities defendant carried a hand gun on his person and in his car. The affiant stated that the other informant, "whose information has proved reliable in the past," said that on one occasion he observed defendant open his jacket and exhibit a pistol lodged in the waistband of his trousers and that defendant told the informant that he always carried the pistol on his person.
Defendant first contends that the affidavit upon which the search warrant was based was insufficient to support a finding of probable cause to believe that a crime was being or had been committed. Relying upon Spinelli v. United *123 States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969) and Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), he argues that the affidavit was deficient because the affiant's statement that his informants were reliable was a conclusion unsupported by any details of his past association with them or that any information they had previously furnished had resulted in criminal complaints, indictments or convictions. He also argues that the informants' statements did not show specific details of the offenses committed by the defendant or the dates, places or persons with whom defendant allegedly was engaging in gambling transactions.
In Aguilar, a search warrant issued upon an affidavit of police officers who swore only that they had received reliable information from a credible person and believed that narcotics were illegally stored on the described premises. The court held the affidavit inadequate for two reasons, (1) it failed to set forth any of the underlying circumstances necessary to enable the magistrate independently to judge the validity of the informant's conclusion that the narcotics were where he said they were, and (2) the affiant-officers did not attempt to support their claim that their informant was credible or his information reliable. Spinelli reaffirmed the Aguilar two-pronged test.
We conclude that the affidavit in this case meets the test referred to in Aguilar and Spinelli. Here the informants' reports were based on their personal observations of defendant's unlawful activities. They corroborated each other with respect to defendant's unlawful possession of a gun. The credibility of the informants was further established by the investigator's previous experience with them in that their information had proved reliable in the past. See Jones v. United States, 362 U.S. 257, 269-272, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960). A realistic and common sense reading of the affidavit would support the independent judgment of the warrant issuing judge that probable cause existed for the warrant. United States v. Ventresca, 380 *124 U.S. 102, 108, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); cf. State v. Kasabucki, 52 N.J. 110, 122 (1968). We are satisfied that the affidavit established probable cause and justified the issuance of the warrant.
Defendant also argues that the judge who heard the motion to suppress erroneously denied him the right to offer testimony to show that the search warrant had been improvidently issued. At the hearing defendant sought to examine Czerniak alleging that he expected to show that the warrant issuing judge had been imposed upon, that Czerniak did not believe the law had been violated when he executed the affidavit, and that the raid on defendant's apartment had been conducted with the hope that evidence would be found relating to a homicide case then pending in Passaic County. The judge refused to permit the examination ruling that in determining whether probable cause existed for the issuance of the warrant he could only consider the sufficiency of the affidavit as presented to the issuing judge.
Defendant contends that he should have been permitted to examine Czerniak to show Czerniak had not acted in good faith, to ascertain whether the affiant had misrepresented any facts to the issuing judge, or had made an independent effort to verify the information furnished by the informants, and further, to determine whether Czerniak had a reasonable basis to conclude that his informants were reliable.
The question involved is whether on a motion to suppress evidence a defendant can go behind the face of an affidavit used to establish probable cause for the issuance of a search warrant to contradict the truth of the allegations in the affidavit. The United States Supreme Court has not yet ruled on the question. See Rugendorf v. United States, 376 U.S. 528, 531-532, 84 S.Ct. 825, 11 L.Ed.2d 887 (1964). A majority of the courts in other jurisdictions which have considered the question have held that matters, alleged under oath, upon which a search warrant was issued, may not be disputed by the one against whom or against whose property *125 the warrant has been directed. People v. Bak, 45 Ill.2d 140, 258 N.E.2d 341, 342-343 (1970), cert. denied 400 U.S. 882, 91 S.Ct. 117, 27 L.Ed.2d 121 (1970); Tucker v. State, 244 Md. 488, 224 A.2d 111, 117-118 (Ct. App. 1966), cert. denied 386 U.S. 1024, 87 S.Ct. 1381, 18 L.Ed.2d 463 (1967); and see Annotation, "Search Warrants: disputing matters stated in supporting affidavit," 5 A.L.R.2d 394, 396 (1949), 1 A.L.R.2d Later Case Service 479 (1965). The minority view permits an inquiry under certain circumstances to determine whether the affidavit's statements are perjurious. People v. Alfinito, 16 N.Y.2d 181, 264 N.Y.S.2d 243, 211 N.E.2d 644, 646 (Ct. App. 1965); People v. Solimine, 18 N.Y.2d 477, 276 N.Y.S. 2d 882, 223 N.E.2d 341, 342 (Ct. App. 1966). Federal courts are divided as to what type of challenge, if any, may be made. Some support the majority view. Others hold that under Rule 41 of the Federal Rules of Criminal Procedure a hearing with respect to the truth of a legally sufficient affidavit should be granted where facts are presented showing a falsehood or other imposition on the issuing magistrate. United States v. Dunnings, 425 F.2d 836, 839-840 (2 Cir.1969), cert. denied 397 U.S. 1002, 90 S.Ct. 1149, 25 L.Ed. 2d 412 (1970). For a discussion of the subject see Kipperman, "Inaccurate Search Warrant Affidavits as a Ground for Suppressing Evidence," 84 Harv. L. Rev. 825 (1971) and, Note, "Testing the Factual Basis for a Search Warrant," 67 Colum. L. Rev. 1529 (1967).
Under R. 3:5-3 an applicant for a search warrant is required to appear before a judge who must take his affidavit or testimony before issuing the warrant. The determination that probable cause exists for issuance of the warrant is made by the independent judicial officer, whose decision, not that of the police, will govern whether a person's liberty or privacy is to be invaded. Jones v. United States, supra, 362 U.S. at 270-271, 80 S.Ct. 725. The judge is trusted to evaluate the credibility of the affiant. When the affidavit is based on facts told to the affiant by an *126 informer, the judge is concerned not with whether the informant lied, but with whether the affiant is truthful in his recitation of what he was told. If he doubts the credibility of the affiant, he may require that the informer be identified or produced. State v. Burnett, 42 N.J. 377, 388, 201 A. 2d. 39 (1964). Thus, if the weight and independence of the judge's determination is to be respected it is a substantial reason for denying defendants the right to routinely have a trial de novo of the facts set forth in the affidavit on a motion to suppress.
In State v. Gillman, 113 N.J. Super. 302 (App. Div. 1971), the defendant contended that certain statements contained in the sworn testimony of the applicant for the warrant were incorrect and should constitute an independent basis for striking down the search warrant. This court concluded that none of the alleged false statements were material and did not suggest purposeful falsification. We said:
In any event the rule in New Jersey would appear to preclude this kind of attack, which, where found elsewhere, rests upon statute. There is no legislation of this sort in our State. (at 306)
In the instant case defendant made no specific allegations that the facts set forth in the affidavit underlying the search warrant were untrue or that the affiant's allegations therein were perjurious. Thus, even under the minority rule, there would be no basis for his examination of the witness. At best defendant sought to conduct a "fishing expedition." We are satisfied and hold that defendant was not entitled to a de novo hearing on the factual issues contained in the affidavit which had been passed upon by the issuing judge. Consequently, there was no error in the ruling of the trial judge.
Defendant further contends that the motion to suppress should have been granted because the police seized property not specifically described in the search warrant. The argument lacks merit. First, it was not raised on the motion to suppress. Secondly, the seizure of articles not specified in the warrant does not invalidate the search and lawful *127 seizure of other articles which were described therein. United States v. Castle, 213 F. Supp. 56, 60 (D.D.C. 1962), and cf. State v. Parsons, 83 N.J. Super. 430, 447 (App. Div. 1964) and United States v. Langford, 303 F. Supp. 1387 (D. Minn. 1969). Here the warrant specifically referred to the gun, the unlawful possession of which was the basis of the indictment of the defendant, as one of the "things to be seized" which is required under the Fourth Amendment.
The remaining points urged as grounds for reversal concern rulings of the court regarding the admission of evidence during the course of the trial. We have carefully considered each point and find no prejudicial error.
Affirmed.