**UNITED STATES of America, Plaintiff,**

v.

**Anthony CECERE, Defendant.**

**No. 70–CR–611.**

United States District Court,
E. D. New York.

Nov. 5, 1971.

Robert A. Morse, U. S. Atty., E. D. N. Y., by George G. Bashian, Jr., Asst. U. S. Atty., for plaintiff.

Andrew J. Orensky, Milton E. Jacobowitz, Far Rockaway, N. Y., for defendant.

## MEMORANDUM and ORDER

BRUCHHAUSEN, District Judge.

The defendant moved for the suppression of evidence, allegedly obtained by an illegal search and seizure. In the affidavit of his attorney, Andrew J. Orensky, Esq., sworn to October 14, 1970, in support of the motion, it was stated that on or about March 10, 1970, an F.B.I. Agent appeared at the premises where the defendant resided and visited a downstairs neighbor, regarding property which the defendant had stored in the garage, adjoining the premises and illegally seized it.

The undersigned, the trial Judge, conducted a hearing. The Government produced two witnesses, i. e., Mrs. Virginia Pianculli, the aforesaid downstairs neighbor, and F.B.I. Agent Kennedy. No evidence was offered on behalf of the defendant.

Mrs. Pianculli testified, in substance, that she had been acquainted with the defendant for ten months prior to March 1970; that on March 11, 1970, at 7:30 P.M. the defendant spoke to her husband; that he had a suitcase and a box and asked leave to store them in the garage which they rented; that her husband permitted him to store the said articles there; that upon reading a newspaper article about Cecere being arrested by the F.B.I. she became upset because of the articles he stored in the garage and called the F.B.I.; that F.B.I. Agent Kennedy, responding thereto, inspected the garage and that she requested him to take the suitcase, which was unlocked, and the box, which was unsealed.

Agent Kennedy corroborated her testimony.

The defendant was indicted on September 1, 1970. It was charged therein that on or about March 11, 1970, he possessed five pairs of gloves, knowing that they had been stolen at Kennedy Airport.

At the said hearing, the Assistant U. S. Attorney, without objection, stated that the articles seized by Agent Kennedy were those mentioned in the indictment.

In Reszutek v. United States, 2 Cir., 147 F.2d 142, the Court said, viz:

"While the extent of an agent's legal authority to consent to a search and seizure may often be a matter of grave dispute, we think a showing of consent, by those admittedly 'in charge' of a six-family house as 'superintendents' to a search of the cellar was sufficient to justify the District Court in entering an order denying the owner's motion to suppress evidence so obtained 'without prejudice to a renewal thereof before the Trial Court'."

In United States v. Ebeling, 2 Cir., 146 F.2d 254, the Court said:

"Defendant claims that the search of his desk was illegal * * *. It would seem, however, that the employer who was in possession of the premises was the only one who could object to the search."

The uncontradicted testimony is that Mrs. Pianculli was in charge of the said garage and that she consented to the subject search and seizure.

In United States v. Sferas, 7 Cir., 210 F.2d 69, at page 74, certiorari denied, Skally v. United States, 347 U.S. 935, 74 S.Ct. 630, 98 L.Ed. 1086, the Court said:

"* * * the rule seems to be well established that where two persons have equal rights to the use or occupation of premises, either may give consent to a search, and the evidence thus disclosed can be used against either."

Judge Blackmun, now a Justice of the United States Supreme Court, wrote the opinion in Maxwell v. Stephens, 8 Cir., 348 F.2d 325, stating, viz:

"* * * A consent freely and intelligently given by the proper person may operate to eliminate any question otherwise existing as to the propriety of a search."

In the said case, Maxwell's mother showed and directed the officers to the closet where her son's clothes were.

See also Cutting v. United States, 9 Cir., 169 F.2d 951, 12 Alaska 143; Woodard v. United States, 102 U.S.App.D.C. 393, 254 F.2d 312, cert. denied in 357 U.S. 930, 78 S.Ct. 1375, 2 L.Ed.2d 1372; Fredricksen v. United States, 105 U.S. App.D.C. 262, 266 F.2d 463; United States v. Eldridge, 4 Cir., 302 F.2d 463 and Rees v. Peyton, D.C., 225 F.Supp. 507, affirmed in 4 Cir., 341 F.2d 859.

Upon due deliberation, it is ordered that the aforesaid motion for suppression be and it is hereby denied and it is

Further ordered that the attorneys for the parties herein attend at this court on November 17, 1971, at 10 A.M. for a conference and fixation of a trial date.