334 A.2d 185 (1975)
Sidney A. WASHINGTON, Appellant,
v.
UNITED STATES, Appellee.
No. 8462.
District of Columbia Court of Appeals.
Argued January 21, 1975.
Decided March 17, 1975.
*186 John M. Dawson, Washington, D. C., appointed by this court, for appellant.
Michael A. Pace, Asst. U. S. Atty., with whom Earl J. Silbert, U. S. Atty., John A. Terry, James F. McMullin, Stuart M. Gerson, and Joseph E. di Genova, Asst. U. S. Attys., were on the brief, for appellee.
Before KERN, GALLAGHER and NEBEKER, Associate Judges.
NEBEKER, Associate Judge:
Appealing from his convictions for assault with intent to commit robbery while armed (D.C.Code 1973, §§ 22-501, 22-3202), and assault with a dangerous weapon (D.C.Code 1973, § 22-502)[1] arising out of the same incident, appellant alleges four points of error. He urges that the showup procedure to which he was submitted violated his Sixth Amendment right to counsel and his Fifth Amendment right to due process; that the admission into evidence of the complainant's pretrial and in-court identifications constituted plain error; and, finally, that failure of his counsel to object to the introduction of the above identification testimony rendered his assistance constitutionally ineffective. Rejecting these arguments, we affirm.
About 7:30 p. m. on October 28, 1973, a police officer stopped appellant because he fit the description of a man recently reported to have committed an assault in the neighborhood about 6:30 that same evening. Appellant refused to offer any identification. The officer summoned assistance and within moments several policemen had gathered, some of whom had been assisting the assault victim. Since the victim had been hospitalized, two of the officers told appellant that they wanted to take him to the hospital for identification purposes. Appellant objected, stating that he "had seen too many people get hit in the head and identify the first person [they see]." This statement was quite significant since at that time the police had told appellant only that an assault had been committed; they had not informed him of the details of the offense. In fact, the complainant had been struck on the head with a metal pipe. See Fredricksen v. United States, 105 U.S.App.D.C. 262, 266 F.2d 463 (1959).
Upon arrival of the police and appellant at the hospital, a detective told the complainant words to the effect that "we got your man, we think." Appellant was then presented in the company of the police on the opposite side of a closed glass door from complainant, who unhesitatingly identified appellant as the assailant. The complainant also identified appellant at trial.
In considering appellant's claims, we first note that the Supreme Court in Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972), has held that a suspect is not entitled under the Sixth Amendment to be represented by counsel at a preindictment identification confrontation.
Respecting appellant's Fifth Amendment claim, we note that the court, in United States v. Perry, 145 U.S.App.D. C. 364, 449 F.2d 1026 (1971) and Russell v. United States, 133 U.S.App.D.C. 77, 408 F.2d 1280 (1969), has considered at length the relative utility and dangers of one-man showups held shortly after[2] the commission *187 of an offense and concluded that a showup per se does not violate the Fifth Amendment.
In Perry[3] the court recognized three beneficial aspects of certain one-man showups. The single one of these three factors affecting admissibility is relative promptness. Id. 145 U.S.App.D.C. at 372 n. 43, 449 F.2d at 1034 n. 43. A prompt presentation has the value of facilitating a fresh and thus reliable identification. Second, an innocent party can be quickly released if not identified. And third, the police can resume investigation after minimal delay if the suspect is not identified.
Appellant urges for the following reasons that those elements described above were absent in his case and that therefore a one-man showup was not justified. While not taking issue with the promptness of his presentation,[4] appellant does contend that the victim's recent head injury militated against an accurate identification. This argument is not persuasive in light of evidence that the injury was not a serious handicap at the time of identification. The complainant was alert, sitting up, and identified appellant without hesitation. Cf. Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).
Appellant also contends that he was denied due process because of the remark made by the detective when presenting appellant to the complainant at the hospital. We hold that this statement, contrary to the salutary principle that the presenting officer should remain as neutral as possible, did not render the showup procedure so suggestive as to create a substantial likelihood of misidentification. Neil v. Biggers, 409 U.S. 188, 201, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). Factors acknowledged to be significant in that case are present here in sufficient particularity to warrant that conclusion. What sufficiently dissipates the likelihood of misidentification is the fact that, prior to being struck, the victim was able to observe appellant for a sufficient period of time[5] to be able to give a detailed description as to age, height, weight, clothing, facial hair, and complexion. According to his testimony it was still daylight. Nothing in the asserted minor inconsistencies as to the description given sufficiently points to misidentification, particularly in light of appellant's statement to the police revealing his knowledge of the nature of the injuries inflicted. It should also be observed that the arrest was made within an hour and not far from the scene of the attack, and that the showup occurred promptly thereafter. Since nothing was taken from him, the victim had every reason to believe that the suspect was arrested only on the basis of his description. As the court observed in Russell v. United States, supra 133 U.S. App.D.C. at 81, 408 F.2d at 1284, "[w]hatever the police actually say to the viewer, it must be apparent to him that they think they have caught the villain." Following this view as to the sort of suggestiveness inevitably inherent in a showup, the statement of the detective amounted to a mere verbalization of the obviousthat the police thought they had "caught the villain."
We conclude that the admission of the pretrial and incourt identifications was not error. Counsel's failure to oppose admission of such testimony could not, therefore, amount to a denial of the right to effective assistance of counsel.
*188 Accordingly, the conviction for assault with intent to commit robbery while armed is affirmed. The conviction for assault with a dangerous weapon and the sentence imposed for that offense are hereby vacated. (See footnote 1, supra.)
So ordered.
NOTES
[1] We note the government's volunteered concession on appeal that these offenses merge. Accordingly, we vacate the conviction for assault with a dangerous weapon and the sentence of 2 to 6 years imposed for that offense. (This sentence was imposed to run concurrently with the term of 8 to 24 years for assault with intent to commit robbery while armed.)
[2] Approximately one and one-half hours in both Perry and in the instant case.
[3] 145 U.S.App.D.C. at 371-72, 449 F.2d at 1033-34.
[4] Relative promptness is the threshold requirement. Id. 145 U.S.App.D.C. at 372, 449 F.2d at 1034. See also Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), upholding as sufficiently prompt the showup of appellant approximately 7 hours after a rape was committed.
[5] He testified that it was "long enough to recognize who it was."